UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
HUMBERTO RESTREPO, as Chairman
of the Joint Industry Board of the
Electrical Industry,

                Petitioner,

   -against-

DYNAMIC FIRE, INC.,

                Respondent.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 25-CV-426-FB-CLP

*Appearances:*
*For the Petitioner:*
ADRIANNA R. GRANCIO
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004

**BLOCK, Senior District Judge:**

      Humberto Restrepo, as Chairman of the Joint Industry Board of the Electrical Industry ("JIB"), petitions to confirm an arbitration award of $133,624.25 to JIB. The Respondent, Dynamic Fire, Inc. ("Dynamic"), did not appear at the arbitration and, despite proper service, has not answered the petition.

      The Federal Arbitration Act ("FAA") empowers district courts to enter a judgment confirming an arbitration award made pursuant to the act. *See* 9 U.S.C. § 9. A court must confirm such an award as long as "the arbitrator acted within the scope of his authority" and "the award draws its essence from the [collective

bargaining] agreement." *Local 199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992).

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a court should treat an unanswered petition "as akin to a[n unopposed] motion for summary judgment" and review the record to determine whether the standards for confirmation have been met. *Id.*

The record in this case clearly establishes that the arbitrator acted within the scope of his authority. The collective bargaining agreement ("CBA")—to which Dynamic was bound as a member of the New York System Suppliers Association—calls for binding arbitration of "any labor dispute or difference . . . as to the meaning, application or operation of any provision of the Agreement." Pet., Ex. A at 19. JIB's claim that Dynamic failed to make contributions to certain benefit plans as required by the CBA falls squarely within the scope of the arbitration provision.

It is also clear that the arbitrator's award "dr[ew] its essence" from the CBA. The arbitrator based each element of his award—unpaid contributions, interest, liquidated damages, and attorney's fees and costs—on the CBA, *see* Pet., Ex. A at 14, and determined the amounts of those elements in accordance with procedures authorized by it, *see* Pet., Ex. D.

2

In addition to asking the Court to confirm the arbitrator's award, JIB seeks to recover the $1,246.50 in attorney's fees and costs it incurred in connection with its confirmation petition. ERISA allows prevailing plaintiffs to recover reasonable attorneys' fees and costs incurred in actions to recover unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(D), but "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011).

Courts nevertheless routinely award costs in such actions under the rule that "costs—other than attorney's fees—should be allowed to the prevailing party" in *any* civil action, Fed. R. Civ. P. 54(d)(1). Although JIB seeks to recover $508.50 for filing and service fees, only the $405 filing fee is documented in the record.

With respect to attorney's fees, the "guiding principle" is that a reasonable fee should be awarded only "when a challenger refuses to abide by an arbitrator's decision without justification." *International Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks omitted). Since Dynamic has not even answered the petition, it obviously has not offered any justification for failing to pay the arbitrator's award. Therefore, the Court will award JIB the reasonable attorney's fees it incurred to

3

enforce that award.

"[A] presumptively reasonable fee is calculated by multiplying the reasonable hourly rate by the reasonable number of hours worked." *Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 238-39 (E.D.N.Y. 2025) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The fee sought by JIB—$738—reflects 1.8 hours of work by a partner charging an hourly rate of $410. The number of hours is a more than reasonable amount of time to prepare the petition and accompanying memorandum of law. The hourly rate is reasonable because it is the rate JIB was actually willing to pay, *see Arbor Hills*, 493 F.3d at 118, and is, in fact, slightly below the current range for partners in the Eastern District. *See Rubin*, 763 F. Supp. 3d at 244 (updating the range to $450-$650 per hour).

Accordingly, the Court affirms the arbitrator's award of $133,624.25, and itself awards $405 in costs and $738 in attorney's fees. The Clerk is directed to enter judgment for JIB and against Dynamic in the total amount of $134,767.25.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 4, 2025